# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Netanya Uriella, | ) | CIVIL ACTION FILE |
| | ) | NO._____ |
| PLAINTIFF, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| Reinhardt University, | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

COME NOW, (Plaintiffs) Netanya Uriella by and through their legal counsel Dexter M. Wimbish, GA Bar 769908, and files this Complaint as follows:

## INTRODUCTION

This is a civil action seeking damages against Defendants claiming the Defendants violated the Americans With Disabilities Act or ADA by denying certain accommodations and treating other individuals with certain disabilities in a different manner. Plaintiff further brings this action pursuant to Section 504 of the Rehabilitation Act of 1973 (Section 504), as amended, 29 U.S.C. § 794, and its implementing regulation at 34 C.F.R. Part 104, which prohibit discrimination on the basis of disability and retaliation in programs and activities that receive Federal financial assistance from the Department; and, Title II of the Americans with Disabilities Act of 1990 (Title II), as amended, 42 U.S.C. §§ 12131 et seq., and its implementing regulation

at 28 C.F.R. Part 35, which prohibit discrimination on the basis of disability and retaliation by public entities.

Section 504 at 34 C.F.R. Sections 104.4 and 104.43(a) and (b) prohibits discrimination on the basis of disability and requires postsecondary educational systems to make modifications to any program or activity as is necessary to ensure that such requirements do not discriminate or have the effect of discriminating, on the basis of disability, against a qualified disabled student. Modifications or accommodations (hereinafter, "accommodations") may include an adaptation in the manner in which a specific program or activity is conducted or as presented in this case, an adaptation in the manner in which the institution's procedures or policies are implemented, e.g., admissions or judicial procedures.

To ensure that disabled students are not denied the accommodations that they may need, a postsecondary institution should engage in a dialogue with its students who are seeking accommodations. This dialogue begins when a student notifies the institution that he or she has a disability, provides documentation to support that disability, and informs the institution that he or she needs assistance related to his or her disability. The expectation is that the student will remain engaged with the institution beyond his or her initial request for accommodations, if needed, to ensure that the accommodations are effective and evolve with his or her changing needs, i.e., as his or her disability and/or a program or activity change.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court under 28 U.S.C. Sect. 1331 and 1343 for plaintiff's claims arising under 42 U.S.C. Sect. 1231 et seq, based on defendants' violations of

Title II of the Americans with Disabilities Act. (see also 28 U.S.C. Sect. 2201 and 2202).

2.

2. Plaintiff is a resident of Georgia and the events at issue occurred in Georgia. Defendants are corporations incorporated in other states, with their primary place of business in other states. The amount in controversy exceeds the jurisdictional minimum.

3. Venue is proper under 28 U.S.C. §1391(b) (2) and/or (b)(3) because the parties are domiciled in the Northern District of Georgia and because the unlawful conduct giving rise to Plaintiffs' claims occurred in this District.

4. The minimum contacts requirement required under *International Shoe Co. w. Washington,* 326 U.S. 310 (U.S. 1945)) and its progeny are easily satisfied here.

5. This Court is a proper venue for Plaintiffs' claims under 28 U.S.C. § 1391(b), because the parties are domiciled in the Northern District of Georgia and because the unlawful conduct giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

6. Plaintiff, Netanya Uriella is a citizen of the United States, a resident of the Northern District of Georgia and subject to this Court's jurisdiction.

7. Defendant Reinhardt University is a private university in Waleska, Georgia. The university has an off-campus center in Alpharetta and offers some programs in Cartersville, Marietta, and Canton, and online. Reinhardt is affiliated with the United Methodist Church.

8. Plaintiff was a student in the school of nursing until March 15, 2022, when she withdrew after the University failed to provide accommodations which resulted in her failing her final checkoff in NUR 307.

9. The University's Cauble School of Nursing & Health Sciences (School) began offering nursing classes in the Spring 2018. Since then, 56 students have completed the Bachelor of Science in Nursing (BSN) program. In September 2022, the School celebrated its eighth cohort of nursing students – the largest cohort to date. The BSN program received full accreditation from the Commission on Collegiate Nursing Education in October 2019 and full approval from the Georgia Board of Nursing in March 2020. Students in the BSN program are governed by the University's Nursing Student Handbook. With respect to progression in the program, the Handbook states that the BSN program is cohort-based, with each cohort moving through the curriculum in a prescribed sequence. A grade of C or above in each nursing course is required for progression in the nursing curriculum. A student who receives a grade of D or F will be dismissed and must reapply for consideration to be allowed to repeat the nursing course the next time it is offered in the scheduled sequence of courses. Based on the re-enrollment policy and procedure, students may be re-admitted to the nursing program. Nursing courses may be repeated only once. To progress to the final year of the program, a student must have a minimum GPA of 2.0. After failing two (2) nursing courses, students will not be readmitted to the Nursing Program. At this point, the University advises students to seek another major. The University has indicated that this policy is a standard one implemented at many nursing schools.

**CAUSES OF ACTION**

10. In August 2021, the Plaintiff enrolled in the University's school of nursing. The Plaintiff was seeking a BSN in nursing, and her cohort (referred to as "cohort 8") consisted of about 30 students.

11. The Plaintiff requested academic accommodations for her disability from the University's Academic Support Office (ASO), the University office which assists students who require academic accommodations and students who may need supplementary instructional assistance for specific learning disabilities and/or attention deficit disorders.

12. In August 2021, the ASO awarded the Plaintiff the following accommodations:
    - Extended time on test and quizzes (2X)
    - Quiet and non-distracting environment while testing
    - Allowed to use a tape recorder to tape lectures
    - Note-taking assistance
    - Allowed to type homework/assignments/tests.

13. In the NUR 307 skills lab, the instructor introduces a skill, and the students practice the skill. The students are tested with performance exams or skills lab checkoffs, which are done one-on-one with the instructor. The student must pass these skills competencies. The skills checkoffs are not timed, and the grade is pass/fail. The student is allowed two attempts to be successful. Any skill not successfully completed is added to a final skills checkoff. If the student does not pass the final skills checkoff, the student does not pass the NUR 307 course. This information is outlined in the syllabus for NUR 307.

14. During the Fall 2021 semester, the University administered several skills checkoffs to the Plaintiff and the other students in the NUR 307 lab. The Plaintiff did not pass the following skills checkoffs:

    • Medication Guidelines and Administering PO Meds on September 30, 2021

    • Administering Intramuscular Injections on September 30, 2021

    • Medication Guidelines and Administering PO Meds on October 10, 2021

    • Administering Intramuscular Injections on October 14, 2021

    • Chapter 26: Administering Subcutaneous Medications on October 14, 2021 OCR Complaint No. 04-22-2207 5

    • Chapter 28: Inserting an Indwelling Urinary Catheter (Male) on October 14, 2021

    • Chapter 28: Inserting an Indwelling Urinary Catheter (Male) on October 28, 2021

15. The Plaintiff alleges the University did not allow her to take the skills checkoffs in a distraction-free environment. She said that the lab instructor administered the skills checkoffs to her during the lab portion of NUR 307 in the presence of other students, who either watched her, were practicing their skills, or were taking their skills checkoffs. The Plaintiff alleges the check offs were conducted by three different instructors at the same time in the same room with different students assigned to an instructor.

16. During one of the checkoffs, a University staff member videotaped the Plaintiff, as she attempted to complete the skills for the instructor. The Plaintiff said that it was a distraction to video tape her when she was taking a lab practical without warning and without requesting that she sign documentation providing consent to be videotaped.

17. On November 19, 2021, the Dean and a Professor of Nursing emailed the Plaintiff, asking the Plaintiff to let them know her decision. In emails dated November 19, 2021, and

November 21, 2021, the Plaintiff indicated that she would respond the next week and thereafter declined to meet with the Dean.

18. The Plaintiff also informed the Dean that personnel in the office of ASO informed her to continue attending classes. In response, on November 21, 2021, the Dean emailed the Plaintiff that there was no point in continuing to attend class, as she had not successfully met the requirements to move forward. The Dean further notified the Plaintiff that based on the syllabus, she had failed the skills portion of NUR 307, which meant that she had failed the course. The Dean wrote, "[b]eing allowed to withdraw will protect your GPA should you choose to reapply."

19. On November 21, 2021, the Vice President for Academic Affairs emailed the Plaintiff that she had two options, the first of which was to withdraw from her courses and re-enroll in the Spring. In his email, the Vice President noted that doing so would allow the Plaintiff to remain enrolled in the nursing school because of the GPA requirement.

20. The second option, which the Vice President presented, was for the Plaintiff to remain in her other classes and finish out the semester. He explained that if the Plaintiff's GPA dropped below a 2.0, then she would not be eligible for readmission.

21. The Plaintiff alleges that the University permitted students, who were in other cohorts, to retake NUR 307, which they had previously failed, and to continue in the BSN program.

22. The Plaintiff withdrew from the Reinhardt University on March 15, 2022 after the university failed to provide accommodations under the American With Disabilities Act. (See Exhibit 1)

**PRAYER FOR RELIEF**

Plaintiffs respectfully request the following relief:

a. Declaratory judgment that Defendants violated Plaintiffs' rights under the federal statute(s) above cited.

b. Injunctive relief permanently prohibiting the Defendants from engaging in such unlawful conduct in the future.

c. For appropriate compensatory damages in an amount to be determined at trial.

d. For an award of reasonable attorney's fees and costs.

e. For such other and further relief to which Plaintiffs may show themselves justly entitled.

f. Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted:

Counsel for Plaintiffs:

**s/ Dexter M. Wimbish**
Ga. Bar No. 769908
dexterwimbish@bellsouth.net
420 Country Club Drive
Griffin, GA 30223
(770) 707-6555