IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NETANYA URIELLA,

    Plaintiff,

    v.

REINHARDT UNIVERSITY,

    Defendant.

CIVIL ACTION FILE
NO. 1:24-CV-1105-TWT

OPINION AND ORDER

This is a civil rights action. It is before the Court on the Defendant Reinhardt University's Motion to Dismiss [Doc. 9], which is unopposed. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 9] is GRANTED.

I. Background[1]

The Plaintiff Netanya Uriella was a student at the Defendant Reinhardt University in the nursing school until March 15, 2022. (Am. Compl. ¶ 8). On that date, she withdrew from the University after failing her final skills checkoff in the NUR 307 course. (*Id.*). The Plaintiff had requested academic accommodations for her learning disability in August 2021 from the University's Academic Support Office. (*Id.* ¶ 11). The University granted her

---

[1] The Court accepts the facts as alleged in the [Amended] Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

several accommodations, including extended time on tests and quizzes, a non-distracting testing environment, the ability to record lectures, note-taking assistance, and the ability to type assignments, homework, and tests. (*Id.* ¶ 12). The NUR 307 course is a "skills lab," where students practice a skill and then complete performance exams or skills checkoffs one on one with the instructor. (*Id.* ¶ 13). Any skill that is not successfully completed is added to a final skills checkoff, and if the student does not pass the final skills checkoff, the student does not pass the NUR 307 course. (*Id.*). The Plaintiff was unable to pass four different skills checkoffs given on four different dates. (*Id.* ¶ 14).

The Plaintiff asserts five counts, although the exact claims are difficult to discern. In Count One, the Plaintiff alleges that her rights under the ADA were violated when she was made to take her skills checkoffs in the classroom and in the presence of other students. (*Id.* ¶ 15). In Count Two, the Plaintiff alleges that her rights under the ADA were violated when she was videotaped during her skills checkoffs without her consent, which she alleges was distracting. (*Id.* ¶ 16). In Count Three, the Plaintiff alleges that her rights under the ADA were violated when, in November 2021, she was advised that she should withdraw from the University to protect her GPA in lieu of having a failing grade on her record, as she had not successfully completed the skills portion of NUR 307. (*Id.* ¶¶ 18-19). In Count Four, the Plaintiff alleges that white students were allowed to retake NUR 307 and continue in the nursing program, but that she was not permitted to retake the course because she is

black and disabled, which violated her rights under the ADA. (*Id.* ¶ 21). And in Count Five, the Plaintiff alleges that her rights under the ADA were violated when she withdrew from the University in March of 2022, resulting in "significant financial loss and difficulty." (*Id.* ¶ 22). The Defendant responded to the Plaintiff's Amended Complaint by filing the present Motion to Dismiss, which the Plaintiff did not respond to.

## II. Legal Standards

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only

give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

In its Motion to Dismiss, the Defendant first argues that it cannot be sued under Title II of the ADA because it is a private university and therefore not a public entity. (Def.'s Mot. to Dismiss, at 2-3). Second, the Defendant argues that the Plaintiff fails to state a claim under Section 504 of the Rehabilitation Act because she has not alleged that the University receives federal financial assistance, or that it received such assistance during the time frame that she alleges she was discriminated against. (*Id.* at 4-5). The Defendant also notes that none of the Plaintiff's Counts actually allege violations under Section 504 or any of its requisite elements. (*Id.* at 5-6).

At the outset, the Court agrees with the Defendant that despite making allegations in each Count that the Plaintiff's rights were violated only under the ADA, the Plaintiff also cites Section 504 of the Rehabilitation Act in the introduction of her Amended Complaint. (*See* Am. Compl. at 1-2). Thus, the Court will address her claims under both the ADA and the Rehabilitation Act out of an abundance of caution.

First, the Plaintiff references only Title II of the ADA, which applies to public entities. *See* 42 U.S.C. § 12131, *et seq.*; (Am. Compl. at 1-2 & ¶ 1). However, the Defendant is a privately owned university. Reinhardt University,

*History*, https://www.reinhardt.edu/about/history/ (last visited Sept. 23, 2024). Title II specifically defines a public entity as, *inter alia*, "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). The Defendant, as a privately owned non-profit corporation, does not meet this definition, and Title II of the ADA therefore does not apply. Thus, even construing the facts as pled in the light most favorable to the Plaintiff, the Plaintiff has failed to state a claim under Title II of the ADA. *See Quality Foods de Centro Am., S.A.*, 711 F.2d at 994-95.

Second, the Plaintiff references Section 504 of the Rehabilitation Act, which prevents discrimination on the basis of a disability by any "program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A "program or activity" specifically includes "a college, university, or other postsecondary institution." 29 U.S.C. § 794(b)(2)(A). But as the Defendant points out, the Plaintiff makes no allegation that the Defendant receives financial assistance of any type that would subject it to liability under Section 504. (*See generally* Am. Compl.*)*. Without such an allegation, the Court cannot determine whether Section 504 of the Rehabilitation Act applies to the Plaintiff's claims. *Banks v. The News Group*, 2018 WL 10510819, at *2 (N.D.Ga. June 25, 2018), *report & recommendation adopted*, 2018 WL 10510818 (N.D.Ga. July 17, 2018). The Plaintiff thus fails to state a claim under Section 504 of the Rehabilitation Act.

## IV. Conclusion

For the foregoing reasons, the Defendant Reinhardt University's Motion to Dismiss [Doc. 9] is GRANTED. The Clerk is directed to close the case.

SO ORDERED, this __24th__ day of September, 2024.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge